UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JIMMY HEARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No.   3:19-CV-181-TAV-HBG |
| | ) |
| JAMES HOLLOWAY, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Petitioner, a prisoner of the Tennessee Department of Correction, has filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that the State of

Tennessee violated the Interstate Agreement on Detainers ("IAD") by transferring him to

Kentucky without a fugitive warrant[1] [Doc. 1].  Respondent has filed a response [Doc. 15]

and the state court record [Doc. 14]. Petitioner has filed a motion for evidentiary hearing

[Doc. 16] and a reply [Doc. 17].  After reviewing the relevant filings and the state court

record, the Court finds that Petitioner's claim is not cognizable under § 2254.  Accordingly,

no evidentiary hearing is warranted, *see* Rule 8(a) of the Rules Governing § 2254 Cases,

Petitioner's motion for an evidentiary hearing [Doc. 16] will be **DENIED**, the § 2254

petition [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**.

---

[1] While Petitioner does not specify that this transfer violated the IAD in his petition [Doc. 1], it is apparent from the record as a whole this is the claim Petitioner seeks to assert.

## I.    BACKGROUND

In 2017, the office of the prosecutor in Warren County, Kentucky issued a request for temporary custody of Petitioner, who was in the custody of the State of Tennessee, pursuant to the IAD for prosecution of charges of first-degree robbery and kidnapping [Doc. 14-1 p. 4–10].  Petitioner did not waive extradition [*Id.* at 9–10], but instead filed a state court petition for a writ of habeas corpus challenging the validity of the Kentucky request [*Id.* at 13–15].

After a hearing, the state habeas corpus court denied the petition [Doc. 14-2 p. 5–14; Doc. 14-1 p. 86].  Petitioner was transferred to Kentucky, where he pleaded guilty to two charges of second-degree robbery and received a total sentence of twenty years in prison to be served consecutive to his current sentence [Doc. 15-1].  Petitioner then returned to the custody of the State of Tennessee [Doc. 16 p. 1].

Petitioner appealed the denial of his habeas corpus petition to the Tennessee Court of Criminal Appeals ("TCCA") by asserting that his transfer to Kentucky was improper because he was not properly served with a fugitive warrant for his arrest as required under the Uniform Criminal Extradition Act ("UCEA") [Doc. 14-4 p. 1–12], and the TCCA affirmed.  *Heard v. Lee*, 2019 WL 364453, at *3 (Tenn. Crim. App. Jan. 29, 2019).

Petitioner has now filed the instant petition for relief under § 2254 in which he asserts that his transfer to Kentucky without a fugitive warrant violated the IAD and that the State of Tennessee therefore lost custody of him through this transfer [Doc. 1 p. 5, 14].  Also, in his motion for evidentiary hearing and reply, Petitioner requests that the Court

discharge him from the Kentucky detainer and "release him from custody and all restraints" [Doc. 16 p. 2; Doc. 17 p. 6[2]].

## II.    ANALYSIS

Respondent first asserts that Petitioner's claim is not cognizable under § 2254.  The Supreme Court has held that "habeas review is available to check violations of federal laws when the error qualifies as a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (internal quotation marks omitted).

The IAD is a federal law.  *Cuyler v. Adams*, 449 U.S. 433, 438 (1981).  However, the Sixth Circuit has held that, absent exceptional circumstances, a violation of the IAD is not a basis for relief under § 2254.  *Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir. 1988) (holding that violations of the IAD do not provide a basis for habeas relief under § 2254).  Moreover, the Sixth Circuit has specifically held that the IAD does not give a district court the authority to order prison officials to disregard a detainer from another state or to order officials from another state to withdraw such a detainer.  *Bracey v. Tennessee*, 616 F.2d 268, 269 (6th Cir. 1980).

---

[2] In his reply, Petitioner also appears to assert that the State of Tennessee did not obtain a governor's rendition warrant in violation of the UCEA [Doc. 17 p. 6].  However, Petitioner did not present any such argument in his appeal to the TCCA [Doc. 14-4 p. 1–12].  Thus, Petitioner has not exhausted any such claim and the Court will not consider it.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (holding that before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts).

The Supreme Court has explained prosecutor-initiated transfers under the IAD as follows:

> Article IV of the Agreement provides the procedure by which the prosecutor in the receiving State may initiate the transfer. First, the prosecutor must file with the authorities in the sending State written notice of the custody request, approved by a court having jurisdiction to hear the underlying charges. For the next 30 days, the prisoner and prosecutor must wait while the Governor of the sending State, on his own motion or that of the prisoner, decides whether to disapprove the request. If the Governor does not disapprove, the prisoner is transferred to the temporary custody of the receiving State where he must be brought to trial on the charges underlying the detainer within 120 days of his arrival. Again, if the prisoner is not brought to trial within the time period, the charges will be dismissed with prejudice, absent good cause shown.

*Cuyler*, 449 U.S. at 444. As the TCCA noted in its opinion affirming the denial of Petitioner's petition for a writ of habeas corpus, the Supreme Court held that the IAD preserved any rights that prisoners subject to an involuntary transfer under Article IV previously had, including those in UCEA, except the right to contest a transfer that the governor of their state has not affirmatively approved. *Heard v. Lee*, 2019 WL 364453, at *2 (Tenn. Crim. App. Jan. 29, 2019); *Cuyler*, 449 U.S. at 445–46.

The TCCA also noted that Tennessee has adopted both the IAD and the UCEA. *Heard*, 2019 WL at *2. In doing so, Tennessee adopted the UCEA's requirement that when a person in Tennessee has been charged with committing a crime in another state:

> [T]he judge or magistrate shall issue a warrant directed to the sheriff of the county in which the oath or complaint is filed directing the sheriff to apprehend the person charged, wherever the person may be found in this state, and bring the person

> before the issuing judge or magistrate or any other judge, court
> or magistrate who may be conveniently accessible to the place
> where the arrest may be made, to answer the charge or
> complaint and affidavit.

Tenn. Code Ann. § 40-9-103. Thus, Tennessee's process of extradition under the UCEA "generally begins when the fugitive is arrested in the asylum state as a result of criminal charges in the demanding state," at which point the fugitive is taken before a magistrate, if he does not waive extradition. *Heard*, 2019 WL at *2 (quoting Tenn. Op. Atty. Gen. No. 04-117, at *1 (July 20, 2004)).[3] In Petitioner's case, however, the TCCA ultimately concluded that a fugitive warrant was not required for Petitioner's transfer to Kentucky because Petitioner was already in the custody of the State of Tennessee and "there was no need to arrest and temporarily detain" him. *Id.* at *3

As set forth above, Petitioner's only exhausted claim for relief under § 2254 is that he was not properly served with a warrant for his arrest as a fugitive as required under the UCEA when he was already in the custody of the State of Tennessee. Petitioner, however, does not assert that the State of Tennessee could not have obtained or served him with such a warrant due to any fundamental defect or error in Kentucky's transfer request or Tennessee's compliance therewith, nor does he set forth any exceptional circumstances that would allow the Court to find that Petitioner's current and/or future detentions result from a miscarriage of justice or an unfair procedural omission. Rather, Petitioner seeks §

---

[3] The magistrate then sets a time for the demanding state to arrest the fugitive, "the demanding state submits formal documents requesting the governor of [Tennessee] to issue a requisition [warrant] and agent's commission," and the governor then issues a rendition warrant or denies the request. *Id.*

2254 relief based solely on a failure to comply with a procedural formality that did not fundamentally affect the underlying criminal proceedings against him.

As such, Petitioner's claim that his transfer to Kentucky without a fugitive warrant violated the IAD is not cognizable under § 2254. *Reed v. Farley*, 512 U.S. 339, 348 (1994); *Browning v. Foltz*, 837 F.2d 276, 283 (6th Cir.1988).

## III. CERTIFICATE OF APPEALABILITY

Thus, the Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Where the district court rejects a habeas corpus petition on a procedural basis, a COA shall issue only where reasonable jurists would debate the correctness of the Court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001) (applying the COA requirement to § 2241 petition). As reasonable jurors would not debate the Court's procedural ruling that Petitioner does not present a cognizable claim under § 2254, a COA will not issue. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

## IV. CONCLUSION

For the reasons set forth above:

1.    Petitioner's claim that his transfer to Kentucky without a fugitive warrant violated the IAD is not cognizable under § 2254;

6

2.    Petitioner's motion for an evidentiary hearing [Doc. 16] will be **DENIED**;

3.    The § 2254 petition [Doc. 1] will be **DENIED**;

4.     This action will be **DISMISSED**; and

5.    A COA shall not issue;

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE